**AEGIS LAW FIRM, PC**
SAMUEL A. WONG, State Bar No. 217104
KASHIF HAQUE, State Bar No. 218672
JESSICA L. CAMPBELL, State Bar No. 280626
jcampbell@aegislawfirm.com
KRISTY R. CONNOLLY, State Bar No. 328477
kconnolly@aegislawfirm.com
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile:  (949) 379-6251

Attorneys for Plaintiff Aarica Brittany,
Individually and on behalf of all others similarly situated

*(Additional Counsel of record on next page)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARICA BRITTANY, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> FOLLETT HIGHER EDUCATION GROUP, LLC; FOLLETT HIGHER ED GROUP, LTD; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 2:23-cv-06598 FMO (ASx) <br><br> Assigned to Honorable Judge Fernando M. Olguin <br><br> **CLASS ACTION** <br><br> **JOINT RULE 26F REPORT** <br><br> Date: October 5, 2023 <br> Time: 10:00 AM <br> Ctrm: 6D <br> 350 W 1st Street <br> Los Angeles, California 90012 |

**VEDDER PRICE (CA), LLP**
Sheryl L. Skibbe, Bar No. 199441
sskibbe@vedderprice.com
Ashley D. Stein, Bar No. 305094
astein@vedderprice.com
Lauren Wertheimer, Bar No. 327900
lwertheimer@vedderprice.com
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T:  +1 424 204 7700
F:  +1 424 204 7702

Attorneys for Defendant
FOLLETT HIGHER EDUCATION GROUP, LLC
(formerly known as Follett Higher Ed Group, Ltd.)

1

1    Plaintiff Aarica Brittany and Defendant Follett Higher Education Group,

2  LLC (formerly known as Follett Higher Ed Group, Ltd.) ("Defendant") respectfully

3  submit this Joint Rule 26(f) Report in accordance with the Federal Rule of Civil

4  Procedure 26(f) and the Local Rules for the Central District of California.

5  **1.    STATEMENT OF THE CASE**

6  <u>Plaintiff's Position</u>

7    Plaintiff brings this lawsuit on behalf of herself and a putative class of

8  current and former non-exempt California citizens employed by Defendants in the

9  State of California at any time between December 20, 2018 to the present for

10  violations of California wage and hour law.

11    Defendant provides a variety of educational products to schools. Plaintiff

12  formerly worked for Defendant from 2014 until 2022 as a Team Member at

13  Defendant's book store located in Claremont, California.

14    Plaintiff alleges class-wide failure to pay all wages owed for time spent (1)

15  undergoing mandatory COVID-19 screenings which were required to be completed

16  prior to clocking in for work and (2) security bag checks after clocking out. Plaintiff

17  also alleges that Defendant failed to pay reporting time pay when Plaintiff and class

18  members were not put to work or furnished with less than half of their usual or

19  scheduled day's work. Plaintiff's meal and rest period claims are based on the

20  theory that rather than providing meal and rest periods at the required intervals,

21  Defendant required Plaintiff and class members to work through their breaks by

22  requiring them to remain on-call and on-premises. When Plaintiff and class

23  members did not receive compliant meal periods and rest breaks, Plaintiff alleges

24  that Defendant failed to pay meal period and rest break premiums for these

25  violations. Plaintiff also alleges that Defendant failed to reimburse Plaintiff and

26  class members' necessary business expenses incurred in carrying out their job

27  duties, including the use of personal cell phones and vehicles. Plaintiff's additional

28  claims (failure to pay all wages due upon separation of employment, failure to

-2-

JOINT RULE 26F REPORT

furnish accurate wage statements, and violation of California Business and Professions Code §§ 17200 *et seq.*) are derivative of the overtime, meal and rest period claims.

Defendant's Position

Defendant denies Plaintiff's legal and factual allegations and further denies that class action treatment is appropriate. Defendant denies that it owes any overtime or straight time pay, waiting time penalties, meal and rest break premium pay, reimbursement of business expenses, wage statement penalties, or any other wages or penalties to Plaintiff or to any other putative class member.  Defendant contends that Plaintiff and other putative class members were properly paid all wages, and were further reimbursed for all reasonable and necessary business expenses.  Defendant does not require or permit its California non-exempt hourly employees to work off the clock.  Defendant also denies that Plaintiff's claims for off-the-clock work, meal and rest break violations, reimbursement of business expenses, and alleged wage statement violations are appropriate for class certification and disputes Plaintiff's claim that she has standing to and can adequately represent all non-exempt, hourly employees in California.  Moreover, Defendant has a number of locations throughout California, and its non-exempt hourly employees' job duties, work schedules and management in each location vary significantly.

**2.    SUBJECT MATTER JURISDICTION**

Defendant contends that this Court has subject matter jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C § 1332(d), 1441, and 1446.

**3.    LEGAL ISSUES**

Plaintiff's Position

Plaintiff's claims concern the following principal legal issues:

(1)    Whether Defendant deprived Plaintiff and class members of minimum

JOINT RULE 26F REPORT

1 and overtime wages by failing to pay wages for time spent undergoing

2 COVID-19 screenings and security bag checks (in violation of Labor

3 Code §§ 510, 1194, 1197, and 1198)

4 (2) Whether Defendant deprived Plaintiff and class members of minimum

5 and overtime wages by failing to pay reporting time pay (in violation

6 of Labor Code §§ 510, 1194, 1197, and 1198)

7 (3) Whether Defendant deprived Plaintiff and class members of timely

8 meal periods or required Plaintiff and class members to work through

9 meal periods without proper compensation (in violation of Labor Code

10 §§ 226.7 and 512);

11 (4) Whether Defendant deprived Plaintiff and class members of rest

12 breaks or required Plaintiff and class members to work through rest

13 breaks without compensation (in violation of Labor Code §§ 226.7 and

14 512);

15 (5) Whether Defendant failed to reimburse Plaintiff and Class Members

16 for necessary business-related costs expended for the benefit of

17 Defendants (in violation of Labor Code §§ 2802 and 2804)

18 (6) Whether Defendant knowingly and intentionally provided itemized

19 wage statements to Plaintiff and class members which were inaccurate

20 (in violation of Labor Code §226 and 226.3);

21 (7) Whether Defendant failed to pay all wages timely and due upon

22 separation of employment in violation of Labor Code §§ 201 – 203;

23 (8) Whether Defendant engaged in unfair business practices as a result of

24 the alleged violations in violation of Business and Professions Code §§

25 17200, *et seq*.; and

26 (9) Whether any of Defendant's affirmative defenses prevent Plaintiff

27 from recovering any damages.

28

-4-

JOINT RULE 26F REPORT

<u>Defendant's Position</u>

In addition to the issues outlined by Plaintiff above, Defendant identifies the following key legal issues:

(1) Whether this matter should be certified as a class action for any of Plaintiff's claims or for any group of employee;

(2) Whether Plaintiff can adequately represent the putative class members;

(3) Whether Plaintiff can prove any of her claims with representative proof that meets the requirements of due process.

**4.   PARTIES, EVIDENCE, ETC.**

<u>Plaintiff's Position</u>

The Parties include Plaintiff Aarica Brittany and Defendants Follett Higher Education Group, LLC and Follett Higher Ed Group, Ltd. However, Plaintiff intends to dismiss Defendant Follett Higher Ed Group, Ltd as it merged into Follett Higher Education Group, Inc, which was later converted to Follett Higher Education Group, LLC, which is the other named Defendant in this action.

Plaintiff has identified the following key witnesses:  Plaintiff, Defendant Follett Higher Education Group, LLC's Representative(s), hiring and training supervisors, and class members. Key documents will include Defendant's written policies with respect to Plaintiff and class members' employment with Defendant; Plaintiff and class members' written meal break waivers, if any; Plaintiff and class members' payroll records; and documents evidencing the amount of time that Plaintiff and class members worked, including time clock records.

<u>Defendant's Position</u>

Defendant agrees that the parties to this action are Plaintiff Aarica Brittany and Defendant Follett Higher Education Group, LLC (formerly known as Follett Higher Ed Group, Ltd.).  Defendant also identifies the following parent companies as required by the August 16, 2023 Order Setting Scheduling Conference for conflict purposes only.  These entities do not have any connection to this litigation:

-5-

1

| NAME | CONNECTION AND INTEREST |
|---|---|
| FHEG Holdco, LLC | Sole Member of Follett Higher Education Group, LLC |
| Follett Holdings 2022 I, LLC | Sole Member of FHEG Holdco, LLC |
| Follett Holdings 2022 II, LLC | Sole Member of Follett Holdings 2022 I, LLC |
| Follett Corporation | Sole Member of Follett Holdings 2022 II, LLC |
| Follett Intermediate, Inc. | Parent company of Follett Corporation |
| Follett Education Holdings, LLC | Parent company of Follett Intermediate, Inc. |

Based on the limited information available about Plaintiff's claims at this time, Defendant believes that relevant witnesses will include: (1) human resources personnel of Defendant who have knowledge of Defendant's relevant employment policies, including policies related to timekeeping and payment of wages for California non-exempt hourly employees during the relevant time period; (2) Defendant's payroll personnel who have knowledge of Defendant's relevant payroll procedures, including payment of wages for California non-exempt hourly employees during the relevant time period; and (3) Defendant's managerial employee(s) at Plaintiff's former location who have knowledge of Defendant's timekeeping and payroll practices and procedures applicable to California non-exempt hourly employees at that location during the relevant time period.

Similarly, based on the limited information available about Plaintiff's claims at this time, Defendant believes that relevant documents will include Defendant's relevant employment policies, including policies related to timekeeping and payment of wages for California non-exempt hourly employees during the relevant

time period.

**5.      INSURANCE**

The Parties are not aware of any insurance coverage under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment in this matter.

**6.      MAGISTRATE JUDGE**

Counsel for all Parties have discussed whether the Parties consent to have a Magistrate Judge of this Court conduct all proceedings. The Parties do not consent to the assignment of this matter to a Magistrate Judge.

**7.      DISCOVERY PLAN**

The Parties agreed to exchange initial disclosures by October 3, 2023, and do not believe any changes to initial disclosures should be made at this time. The Parties have also served their first sets of discovery and both Parties' responses are due on October 2, 2023.

Plaintiff's Position

Plaintiff proposes a fact discovery cut-off date of April 15, 2024. Expert discovery should be completed by June 15, 2024. Initial disclosures should be served no later than March 15, 2024 and rebuttal disclosures should be served no later than April 15, 2024.

Plaintiff will seek discovery regarding class certification issues of commonality, adequacy, and typicality.

Through Plaintiff's first set of discovery, she seeks contact information for all class members; Defendants' wage and hour policies, procedures, and practices as to meal periods, rest breaks, timekeeping, compensation, and expense reimbursement; class members' time and payroll records, and the preparation and provision of wage statements to class members. Plaintiff is agreeable to a sample for the production of class members' time and payroll records so long as the Parties

-7-

1   agree that the sampling is statistically significant and representative of the class for

2   purposes of class certification and merits determination. Plaintiff is also agreeable

3   to entering into a Stipulated Protective Order.

4          Plaintiff plans to depose Defendant's experts, if any. Plaintiff also anticipates

5   taking depositions of persons involved in or knowledgeable about the policies and

6   practices described above.

7          Plaintiff does not find it necessary to conduct discovery in phases. It is

8   difficult for the Parties and the Court to determine which discovery goes to class

9   certification issues and which relates to the "merits" (liability and damages), and

10  much of the discovery sought will overlap between those two categories. Thus,

11  attempting to bifurcate the discovery in this manner will oftentimes lead to

12  unnecessary and unproductive disputes.

13         Plaintiff will request native formats of time, payroll, and employee personnel

14  files, as well as excel versions of the time and payroll records to the extent excel

15  versions are available. Plaintiff is agreeable to exploring other forms of production

16  through formal discovery.

17         Defendant's Position

18         Defendant proposes that discovery be conducted in phases as it standard in

19  these cases. Phase I should be focused on class certification issues including

20  company-wide policies and procedures and sampling of data, with the discovery

21  cut-off being set for the date of the hearing for the motion for class certification.

22         Should a class be certified, Phase II of the discovery process should deal with

23  class-wide liability and damages.  Defendant requests that the Court set a further

24  Case Management Conference within fourteen (14) days of the Court's ruling on

25  Plaintiff's motion for class certification.  At that time, additional deadlines for Phase

26  II discovery may be set.  Alternatively, Defendant proposes that a discovery cut-off

27  for Phase II discovery to be 90 days prior to trial.

28         At this time for Phase I, Defendant currently intends to depose Plaintiff and

JOINT RULE 26F REPORT

1  any declarants used in support of Plaintiff's motion for class certification.

2  Defendant also anticipates the need to depose additional witnesses whose testimony

3  may be relevant to its defenses, as determined during the course of discovery.

4  Defendant has propounded document requests, and may propound interrogatories

5  and requests for admission.   Should a class be certified, Defendant will take

6  depositions of a statistically significant number of class members to be determined

7  based on the issue certified.   Defendant therefore anticipates that if a class is

8  certified, Defendant will need to take more than 10 depositions.

9       Defendant requests that depositions taken pursuant to FRCP 30(b)(6) not be

10  allowed to exceed a collective total of 21 hours.

11       Defendant believes that it is premature to set discovery cut-off dates other

12  than as outlined above.   However, should the Court decide to set these dates at this

13  time, Defendant proposes a fact discovery cut-off of 90 days before trial.

14  Defendant further proposes 180 days before trial for initial expert disclosures and

15  150 days for rebuttal, and a cut-off on expert discovery of twelve weeks before

16  trial.

17  **8.   MOTIONS**

18  Plaintiff's Position:

19       Plaintiff intends to dismiss Defendant Follett Higher Ed Group, Ltd. The

20  Parties have met and conferred and Defendants have presented evidence to Plaintiff

21  that in 2020, Follett Higher Ed Group, Ltd merged into Follett Higher Education

22  Group, Inc., which was later converted to Follett Higher Education Group, LLC. As

23  such, Follett Higher Ed Group, Ltd no longer exists.

24       Other than dismissing Follett Higher Ed Group, Ltd, Plaintiff does not intend

25  to add other parties or claims at this time.

26  Defendant's Position:

27       Defendant also does not anticipate filing any Motions to add other parties,

28  file amended pleadings, or transfer venue at this time.

-9-

JOINT RULE 26F REPORT

**9.     CLASS CERTIFICATION**

The parties propose a deadline of July 15, 2024 for the filing of Plaintiff's motion for class certification.   Defendant requests the Court set a scheduling conference after Plaintiff files her motion to determine deadlines for the filing of Defendant's opposition and Plaintiff's reply brief.

**10.    DISPOSITIVE MOTIONS**

Plaintiff's Position:

Without discovery, Plaintiff is unable to determine whether a dispositive motion will be filed at this time. Plaintiff believes it is better suited to set a deadline for summary judgment after the resolution of the motion for class certification.

Defendant's Position:

Defendant may seek to file a motion for summary judgment/partial summary judgment of Plaintiff's individual claims, and, if a class is certified on any claim, may seek to file summary judgment/partial summary judgment of any class claims.

**11.    SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**

No settlement discussions have occurred to date. The Parties believe that, if mediation is to be conducted, private mediation is the appropriate method of alternative dispute resolution to be pursued.

**12.    PRETRIAL CONFERENCE AND TRIAL**

The Parties propose setting dates for the pretrial conference and trial after the resolution of the motion for class certification.

**13.    TRIAL ESTIMATE**

Plaintiff's Position:

Plaintiff requests a jury trial. If the class is certified, Plaintiff estimates that trial will be approximately 4 weeks. If the class is not certified, Plaintiff estimates trial will be approximately 5 days. Plaintiff anticipates calling 10 witnesses.

Defendants' Position:

-10-

If a class is not certified, Defendant estimates that trial will take approximately one week. If a class were to be certified, Defendant estimates trial will last 20-40 days depending on the size and scope of the class certified. It is not yet possible to specify how many witnesses would be called as a statistically significant sample cannot yet be determined.  If the class is certified, Defendant proposes that the Court set a further scheduling conference to discuss an appropriate trial date based on the size and scope of the class certified.

**14.    TRIAL COUNSEL**

Plaintiff's Position:

The case will be tried by Samuel A. Wong, Kashif Haque, Jessica L. Campbell, and Kristy R. Connolly of Aegis Law Firm, PC, counsel of record for Plaintiff.

Defendant's Position:

Defendant's trial counsel will be Sheryl L. Skibbe, Ashley D. Stein, and Lauren Wertheimer of Vedder Price (CA), LLP.

**15.    INDEPENDENT EXPERT OR MASTER**

The Parties do not believe the Court should consider appointing a master or an independent scientific expert.

**16.    OTHER ISSUES**

Plaintiff may request bifurcating issues of liability and damages for trial.

Dated:  September 21, 2023                **AEGIS LAW FIRM, PC**

By:      /s/ Kristy R. Connolly
                   Jessica L. Campbell
                   Kristy R. Connolly
                   Attorneys for Plaintiff

-11-

1

Dated:  September 21, 2023                    **VEDDER PRICE (CA), LLP**

2

3                                                       By:  _____ */s/* Ashley D. Stein _____

4                                                              Sherl L. Skibbe
                                                             Ashley D. Stein
5                                                              Lauren Wertheimer
                                                             Attorneys for Defendant
6

7

8                                              **ATTESTATION**

9      Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories

10
       listed, and on whose behalf the filing is submitted, concur in the filing's content and
11

12     have authorized the filing.

13

14

15     Dated:  September 21, 2023                    **AEGIS LAW FIRM, PC**

16
                                                      By: /s/ Kristy R. Connolly _____
17                                                          Kristy R. Connolly
                                                          Attorneys for Plaintiff AARICA
18                                                     BRITTANY

19

20

21

22

23

24

25

26

27

28

JOINT RULE 26F REPORT