**VEDDER PRICE (CA), LLP**
Sheryl L. Skibbe, Bar No. 199441
*sskibbe@vedderprice.com*
Ashley D. Stein, Bar No. 305094)
*astein@vedderprice.com*
Lauren Wertheimer, Bar No. 327900
*lwertheimer@vedderprice.com*
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: +1 424 204 7700
F: +1 424 204 7702

Attorneys for Defendant
FOLLETT HIGHER EDUCATION GROUP,
LLC (fka Follett Higher Ed Group, Ltd.)

*(Additional Counsel of record on next page)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARICA BRITTANY, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>FOLLETT HIGHER EDUCATION GROUP, LLC; FOLLETT HIGHER ED GROUP, LTD; and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No. 2:23-cv-06598−KK−AS<br><br>Assigned to Hon. Kenly Kiya Kato<br><br>**CLASS ACTION**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>COMPLAINT FILED**:** June 16, 2023 |

1 **AEGIS LAW FIRM, PC**
SAMUEL A. WONG, State Bar No. 217104
2 KASHIF HAQUE, State Bar No. 218672
3 JESSICA L. CAMPBELL, State Bar No. 280626
jcampbell@aegislawfirm.com
4 KRISTY R. CONNOLLY, State Bar No. 328477
kconnolly@aegislawfirm.com
5 9811 Irvine Center Drive, Suite 100
Irvine, California 92618
6 Telephone: (949) 379-6250
7 Facsimile: (949) 379-6251

8 Attorneys for Plaintiff Aarica Brittany,
Individually and on behalf of all others similarly situated

Plaintiff Aarica Brittany ("Plaintiff") and Defendant Follett Higher Education Group, LLC (formerly known as Follett Higher Ed Group, Ltd.) ("Defendant") (Plaintiff and Defendant are referred to collectively as the "Parties") respectfully submit this Joint Case Management Statement pursuant to the November 22, 2023 Reassignment Order in this matter.

**1.    DATE OF FILING**

The Complaint was filed in on June 16, 2023 in Los Angeles County Superior Court.  The matter was removed to the instant Court on August 11, 2023.

**2.    PARTIES TO THE CASE**

The Parties include Plaintiff Aarica Brittany and Defendants Follett Higher Education Group, LLC and Follett Higher Ed Group, Ltd. However, the Parties have stipulated to dismiss Defendant Follett Higher Ed Group, Ltd as it merged into Follett Higher Education Group, Inc, which was later converted to Follett Higher Education Group, LLC, which is the other named Defendant in this action.

**3.    SUMMARY OF THE CLAIMS AND EVENTS UNDERLYING THE ACTION**

<u>Plaintiff's Position</u>

Plaintiff brings this lawsuit on behalf of herself and a putative class of current and former non-exempt California citizens employed by Defendants in the State of California at any time between December 20, 2018 to the present for violations of California wage and hour law.

Defendant provides a variety of educational products to schools. Plaintiff formerly worked for Defendant from 2014 until 2022 as a Team Member at Defendant's bookstore located in Claremont, California.

Plaintiff alleges class-wide failure to pay all wages owed for time spent (1) undergoing mandatory COVID-19 screenings which were required to be completed prior to clocking in for work and (2) security bag checks after clocking out. Plaintiff

also alleges that Defendant failed to pay reporting time pay when Plaintiff and class members were not put to work or furnished with less than half of their usual or scheduled day's work. Plaintiff's meal and rest period claims are based on the theory that rather than providing meal and rest periods at the required intervals, Defendant required Plaintiff and class members to work through their breaks by requiring them to remain on-call and on-premises. When Plaintiff and class members did not receive compliant meal periods and rest breaks, Plaintiff alleges that Defendant failed to pay meal period and rest break premiums for these violations. Plaintiff also alleges that Defendant failed to reimburse Plaintiff and class members' necessary business expenses incurred in carrying out their job duties, including the use of personal cell phones and vehicles. Plaintiff's additional claims (failure to pay all wages due upon separation of employment, failure to furnish accurate wage statements, and violation of California Business and Professions Code §§ 17200 *et seq.*) are derivative of the overtime, meal and rest period claims.

Plaintiff's claims concern the following principal legal issues:

(1) Whether Defendant deprived Plaintiff and class members of minimum and overtime wages by failing to pay wages for time spent undergoing COVID-19 screenings and security bag checks (in violation of Labor Code §§ 510, 1194, 1197, and 1198)

(2) Whether Defendant deprived Plaintiff and class members of minimum and overtime wages by failing to pay reporting time pay (in violation of Labor Code §§ 510, 1194, 1197, and 1198)

(3) Whether Defendant deprived Plaintiff and class members of timely meal periods or required Plaintiff and class members to work through meal periods without proper compensation (in violation of Labor Code §§ 226.7 and 512);

(4) Whether Defendant deprived Plaintiff and class members of rest breaks or required Plaintiff and class members to work through rest breaks without compensation (in violation of Labor Code §§ 226.7 and 512);

(5) Whether Defendant failed to reimburse Plaintiff and Class Members for necessary business-related costs expended for the benefit of Defendants (in violation of Labor Code §§ 2802 and 2804)

(6) Whether Defendant knowingly and intentionally provided itemized wage statements to Plaintiff and class members which were inaccurate (in violation of Labor Code §226 and 226.3);

(7) Whether Defendant failed to pay all wages timely and due upon separation of employment in violation of Labor Code §§ 201 – 203;

(8) Whether Defendant engaged in unfair business practices as a result of the alleged violations in violation of Business and Professions Code §§ 17200, *et seq*.; and

(9) Whether any of Defendant's affirmative defenses prevent Plaintiff from recovering any damages.

Defendant's Position

Defendant denies Plaintiff's legal and factual allegations and further denies that class action treatment is appropriate. Defendant denies that it owes any overtime or straight time pay, waiting time penalties, meal and rest break premium pay, reimbursement of business expenses, wage statement penalties, or any other wages or penalties to Plaintiff or to any other putative class member.  Defendant contends that Plaintiff and other putative class members were properly paid all wages, and were further reimbursed for all reasonable and necessary business expenses.  Defendant does not require or permit its California non-exempt hourly employees to work off the clock.  Defendant also denies that Plaintiff's claims for

off-the-clock work, meal and rest break violations, reimbursement of business expenses, and alleged wage statement violations are appropriate for class certification and disputes Plaintiff's claim that she has standing to and can adequately represent all non-exempt, hourly employees in California. Moreover, Defendant has a number of locations throughout California, and its non-exempt hourly employees' job duties, work schedules and management in each location vary significantly.

In addition to the issues outlined by Plaintiff above, Defendant identifies the following key legal issues:

(1) Whether this matter should be certified as a class action for any of Plaintiff's claims or for any group of employee;

(2) Whether Plaintiff can adequately represent the putative class members;

(3) Whether Plaintiff can prove any of her claims with representative proof that meets the requirements of due process.

**4.    STATUS OF DISCOVERY AND DISCOVERY DEADLINES**

The Parties have exchanged initial disclosures. The Parties have also propounded and responded to initial written discovery requests, and Defendant has taken Plaintiff's deposition.

The Court has set the following deadlines:

(1) March 27, 2024 – Deadline to Complete Settlement Conference.

(2) March 27, 2024 – Deadline to Conduct Fact Discovery.

(3) April 10, 2024 – Deadline to Serve Initial Expert Witness Disclosures.

(4) May 10, 2024 – Deadline to Serve Rebuttal Expert Witness Disclosures.

(5) June 10, 2024 – Deadline to Conduct Expert Discovery.

(6) July 10, 2024 – Deadline to File Motion for Class Certification.

The parties anticipate the following discovery management issues:

Plaintiff's Position

Plaintiff does not oppose Defendant's requests below as to the timeline of discovery (including vacating currently discovery cut-off deadlines) and to set a further Case Management Conference after the Court's ruling on Plaintiff's Motion for Class Certification. However, Plaintiff disagrees that there should be time limits placed on depositions taken post-certification. Any limits on discovery should be discussed after the Court makes a ruling on what claims will be certified.

Plaintiff also does not agree that it is necessary to conduct discovery in phases. Discovery can often overlap between both class certification issues and merits issues. Thus, attempting to bifurcate the discovery in this manner will oftentimes lead to unnecessary and unproductive disputes.

Defendant's Position

Defendant believes that the deadlines set in this matter do not allow sufficient time to conduct discovery as necessary in a class action matter, and may violate Defendant's due process rights. Specifically, the deadlines for all fact and expert discovery are currently set before the deadline for Plaintiff to file her Motion for Class Certification.

Defendant will need to conduct discovery after the filling of Plaintiff's Motion for Class Certification to evaluate the merits of Plaintiff's claims, including taking the depositions of any declarants used in support of Plaintiff's Motion for Class Certification. Defendant also anticipates the need to depose additional witnesses whose testimony may be relevant to its defenses, as determined during the course of discovery. Defendant has propounded document requests, and may propound interrogatories and requests for admission.

Therefore, Defendant requests that these dates be vacated and proposes instead that discovery be conducted in phases as it standard in these cases. Phase I should be focused on class certification issues including company-wide policies and

- 6 -

procedures and sampling of data, with the discovery cut-off being set for the date of the hearing for the motion for class certification.

Should a class be certified, Phase II of the discovery process should deal with class-wide liability and damages. Defendant would then need to take the depositions of a statistically significant number of class members to be determined based on the issue(s) certified. Defendant therefore anticipates that if a class is certified, Defendant will need to take more than 10 depositions. Defendant requests that depositions taken pursuant to FRCP 30(b)(6) not be allowed to exceed a collective total of 21 hours.

If a class is certified, Defendant would also need to conduct additional discovery after the hearing on Plaintiff's Motion for Class Certification for a potential Motion to Decertify the class. The nature and extent of the discovery needed cannot be determined until after the hearing on the Motion for Class Certification. As the current deadlines to conduct fact discovery, disclose expert witnesses, and conduct expert witness discovery are set before this date, they do not afford the Parties the opportunity to conduct adequate discovery after class certification.

If a class is certified, the parties would also need to conduct significant expert analysis and discovery thereafter to evaluate the potential liability and damages of the class members. Therefore, the deadline to disclose initial and rebuttal expert witnesses and the deadline to conduct expert discovery should be vacated at this time.

Thus, Defendant requests that the Court set a further Case Management Conference within fourteen (14) days of the Court's ruling on Plaintiff's Motion for Class Certification. At that time, additional deadlines for Phase II discovery may be set. Alternatively, Defendant proposes that a discovery cut-off for Phase II discovery to be 90 days prior to trial.

Defendant believes that it is premature to set any other discovery cut-off dates at this time. However, should the Court decide to set these dates, Defendant proposes a fact discovery cut-off of 90 days before trial. Defendant further proposes 180 days before trial for initial expert disclosures and 150 days for rebuttal, and a cut-off on expert discovery of twelve weeks before trial.

## 5. PROCEDURAL HISTORY

No prior motions have been decided or submitted. No ADR proceedings or settlement conference have been scheduled or concluded. No appellate proceedings are pending or have been concluded.

Defendant may seek to file a motion for summary judgment/partial summary judgment of Plaintiff's individual claims, and, if a class is certified on any claim, may seek to file summary judgment/partial summary judgment of any class claims.

## 6. OTHER DEADLINES IN PLACE

Plaintiff's Motion for Class Certification must be filed by July 10, 2024.

## 7. USE OF MAGISTRATE JUDGE FOR TRIAL

<u>Plaintiff's Position</u>

Counsel for all Parties have discussed whether the Parties consent to have a Magistrate Judge of this Court conduct all proceedings. Plaintiff does not consent to the assignment of this matter to a Magistrate Judge.

<u>Defendant's Position</u>

Defendant's counsel has discussed the magistrate judge consent program with their client, and has met and conferred with Plaintiff's counsel to discuss the consent program and selection of a magistrate judge. Defendant does not consent to the use of a magistrate judge for trial.

## 8. CASE MANAGEMENT CONFERENCE

<u>Plaintiff's Position</u>

Plaintiff is agreeable to a telephonic scheduling conference.

Defendant's Position

Defendant believes that a Case Management Conference should be scheduled in this action to discuss the discovery plan and associated deadlines. Defendant requests that the Court hold a telephonic scheduling conference hearing to discuss these issues.

Dated: November 30, 2023        VEDDER PRICE (CA), LLP

By: */s/ Ashley D. Stein*
   Sheryl L. Skibbe
   Ashley D. Stein
   Lauren Wertheimer

Attorneys for Defendant
FOLLETT HIGHER EDUCATION GROUP, LLC (fka Follett Higher Ed Group, Ltd.)

Dated: November 30, 2023        AEGIS LAW FIRM, PC

By: */s/ Kristy R. Connolly*
   Jessica L. Campbell
   Kristy R. Connolly
   Kashif Haque
   Samuel A. Wong

Attorneys for Plaintiff
AARICA BRITTANY

# **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 30, 2023　　　　VEDDER PRICE (CA), LLP

　　　　　　　　　　　　　　　　By: */s/ Ashley D. Stein*
　　　　　　　　　　　　　　　　　　Sheryl L. Skibbe
　　　　　　　　　　　　　　　　　　Ashley D. Stein
　　　　　　　　　　　　　　　　　　Lauren Wertheimer

　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　FOLLETT HIGHER EDUCATION
　　　　　　　　　　　　　　　　GROUP, LLC (fka Follett Higher Ed
　　　　　　　　　　　　　　　　Group, Ltd.)

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#63716056.1

## PROOF OF SERVICE

I, Ayjah I. Davis, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1925 Century Park East, Suite 1900, Los Angeles, California 90067. On November 30, 2023, I served a copy of the within document(s):

### JOINT CASE MANAGEMENT STATEMENT

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

| | |
|---|---|
| Kristy Connolly<br>Samuel Wong<br>Kashif Haque<br>Jessica L. Campbell<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Dr., #100<br>Irvine, CA 92618<br>T: 949.379.6250 | Attorneys for Plaintiff<br>AARICA BRITTANY<br><br>*kconnolly@aegislawfirm.com*<br>*swong@aegislawfirm.com*<br>*khaque@aeigslawfirm.com*<br>*jcampbell@aegislawfirm.com*<br>*gpena@aegislawfirm.com* |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 30, 2023, at Los Angeles, California.

_____
Ayjah I. Davis